UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLTON R. LOGAN, | ) | 1:14CV1708 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | (Mag. Judge Kenneth S. Mchargh) |
| | ) | |
| BENNIE KELLEY, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, MAG. JUDGE

The petitioner Carlton R. Logan ("Logan") has filed a petition pro se for a writ of habeas corpus, arising out of his 1992 convictions for aggravated robbery and other crimes, in the Cuyahoga County (Ohio) Court of Common Pleas.  In his petition, Logan raises two grounds for relief:

> 1.  The trial court abused its discretion and erred to the prejudice of appellant denying him his right to due process when it improperly denied petitioner the five hundred eighteen (518) days in jail time credit he is due for time spent in a detention facility on those charges pursuant to [Ohio Rev. Code] § 2967.191, while either in lieu of bond or final resolution of the defendant's sentence, in violation of his due process rights under the Fifth and Fourteenth Amendments.

> 2.  The trial court abused its discretion and erred to the prejudice of petitioner when it charged and convicted petitioner when the court lacked subject matter jurisdiction and/or venue to proceed in Cuyahoga County when the petitioner was under pending Federal charges.

(Doc. 1, § 12.)

The respondent has filed a Return of Writ (doc. 4), and Logan has filed a

Traverse (doc. 5).


## I.  FACTUAL AND PROCEDURAL BACKGROUND

The state court of appeals set forth a brief factual[1] and procedural

background:

> Appellant was charged in a sixteen count indictment filed October 18,
> 1991, with four counts of aggravated robbery, six counts of rape, and
> one count each of felonious assault, kidnapping, having a weapon
> while under disability, disrupting public service, failure to comply, and
> felonious sexual penetration.  All of the charges carried gun
> specifications.  The state dismissed two of the aggravated robbery
> counts; appellant was found guilty of the remaining charges.
>
> Appellant was sentenced to fifteen to twenty-five years on each of the
> aggravated robbery charges (counts 1 and 2) and four to ten years on
> the charge of disrupting public service (count 8), all of these sentences
> to run concurrent to one another but consecutive to the other counts.
> In addition, he was to serve three years' actual incarceration on the
> gun specification, prior and consecutive to the fifteen to twenty year
> sentence.  Appellant was sentenced to five to twelve years on the
> felonious assault charge (count 5), consecutive to the other counts, plus
> three years' actual incarceration for the gun specification to be served
> prior and consecutive to the sentence.  He was sentenced to fifteen to
> twenty-five years on the kidnapping charge (count 6), consecutive to
> the other counts, plus three years' actual incarceration for the gun
> specification to be served prior and consecutive to the sentence.  He
> was sentenced to three to five years on the charge of having a weapon
> while under disability (count 7), to run consecutive to the other counts,
> plus three years actual incarceration for the gun specification to be
> served prior and consecutive to the sentence.

---

[1]  A much fuller discussion of the facts of the crimes is set forth in the state
court's opinion affirming the convictions.  See doc. 4, RX 1; *State v. Logan*, No. 63943,
1993 WL 462868 (Ohio Ct. App. Nov. 19, 1993).

Appellant was also sentenced to fifteen to twenty-five years imprisonment on three of the rape charges (counts 9, 10, and 11), to run concurrent to one another but consecutive to the other counts, plus three years actual incarceration for the gun specification to be served prior and consecutive to the sentence.  Concurrent sentences of fifteen to twenty five years imprisonment were also imposed for each of the three remaining rape charges and the felonious sexual penetration charge (counts 12, 13, 14, and 16), plus three years actual incarceration for the gun specification to be served prior and consecutive to the sentence.  Finally, appellant was sentenced to three to five years on the failure to comply charge, to run consecutive to the other counts, plus three years actual incarceration for the gun specification to be served prior and consecutive to the sentence.

Appellant appealed his conviction to this court, claiming that his convictions were against the manifest weight of the evidence, that he was deprived of a fair trial by prosecutorial misconduct, that he was denied his right to a speedy trial, and that his motion to suppress identification testimony was improperly denied.  This court affirmed appellant's convictions.  [Doc. 4, RX 1; *State v. Logan*, No. 63943, 1993 WL 462868 (Ohio Ct. App. Nov. 19, 1993).]

On October 1, 1996, appellant filed a petition to vacate the judgment and sentence.  [Doc. 4, RX 10-11.]  This petition was denied as untimely on May 21, 1997.  [Doc. 4, RX 2, docket, at p. 6.]  Appellant subsequently sought to reopen the petition to vacate and his direct appeal, but these motions were denied.

(Doc. 4, RX 19, at 2-4; *State v. Logan*, No. 85313, 2005 WL 1707009, at *1-*2 (Ohio Ct. App. July 21, 2005).)

In addition to the proceedings referenced above, on July 12, 2000, Logan filed an untimely application to reopen his appeal based on ineffective assistance of appellate counsel, under Rule 26(B), which was denied on Nov. 14, 2000.  (Doc. 4, RX 8; *State v. Logan*, No. 63943, 2000 WL 1751853 (Ohio Ct. App. Nov. 14, 2000).)

3

Logan's appeal to the state high court was dismissed on Feb. 14, 2001. (Doc. 4, RX 9; *State v. Logan*, 91 Ohio St.3d 1446, 742 N.E.2d 144 (2001).)

On April 30, 2001, Logan filed a petition pro se for a writ of habeas corpus in this court. The petition was based on a single ground, ineffective assistance of appellate counsel. (Doc. 4, RX 12; *Logan v. Johnson*, No. 4:01CV1047 (N.D. Ohio Apr. 30, 2001) (petition).) This court denied the petition as untimely on June 7, 2001. (Doc. 4, RX 14; *Logan v. Johnson*, No. 4:01CV1047 (N.D. Ohio June 7, 2001) (order)).

On July 22, 2004, Logan filed a second post-conviction petition to vacate and modify his sentence. (Doc. 4, RX 2, docket, at p. 6.) The trial court denied the motion, and Logan appealed the denial. The court of appeals affirmed the judgment of the lower court, finding the post-conviction petition was untimely, and Logan had failed to show good cause to excuse the untimely filing. (Doc. 4, RX 19; *State v. Logan*, No. 85313, 2005 WL 1707009 (Ohio Ct. App. July 21, 2005).) Logan filed an appeal to the Supreme Court of Ohio, which declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question on Nov. 23, 2005. (Doc. 4, RX 21; State v. Logan, 107 Ohio St.3d 1425, 837 N.E.2d 1209 (2005).)

Next, on July 1, 2005, Logan filed a motion pro se for a new trial, which was denied by the trial court. Logan filed a motion for delayed appeal on Dec. 6, 2005. The court of appeals, on Jan. 17, 2006, denied leave to file a delayed appeal. (Doc. 4, RX 23.) Logan appealed that decision to the state high court, which declined

jurisdiction, and dismissed the appeal  as not involving any substantial
constitutional question on May 10, 2006.  (Doc. 4, RX 26.)

Returning to federal court on Aug. 4, 2006, Logan filed a pro se application
with the Sixth Circuit, to file a successive petition for habeas corpus.  (Doc. 4, RX
28.)  The court denied that application on Dec. 26, 2006.  (Doc. 4, RX 29.)

On Dec. 21, 2009, Logan filed a third petition for post-conviction relief, which
was denied by the trial court on Dec. 28, 2009.  (Doc. 4, RX 2, docket, at p. 8.)
Logan did not appeal that denial.

Finally, on Oct. 15, 2012, Logan filed a motion seeking credit for 638 days of
jail time, the subject matter of the first ground of the petition now before this court.
The trial court granted Logan 120 days of jail time credit, on Dec. 26, 2012.  Logan
filed an appeal, raising two assignments of error:

> 1.  The trial court improperly denied defendant-appellant the full 638
> days of jail time credit he is entitle[d] to.
>
> 2.  The trial court erred when it charge[d] and convicted appellant
> when it did not have jurisdiction over the subject matter.

(Doc. 4, RX 33.)  The court of appeals affirmed the judgment of the trial court.  (Doc.
4, RX 30; State v. Logan, No. 99434, 2013 WL 5603849 (Ohio Ct. App. Oct. 10,
2013).)  Logan filed a pro se notice of appeal, and motion for delayed appeal, which
was granted by the Supreme Court of Ohio. (Doc. 4, RX 37; State v. Logan, 138 Ohio
St.3d 1431, 4 N.E.3d 1049 (2014).

Logan then filed memorandum in support of jurisdiction, based on the same arguments raised in his appeal.  (Doc. 4, RX 38 .)  On June 11, 2004, the state high court declined jurisdiction and dismissed the appeal.  (Doc. 4, RX 39; State v. Logan, 139 Ohio St.3d 1416, 10 N.E.3d 737 (2014).

## II.   HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Logan has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

III.  STATUTE OF LIMITATIONS

The respondent argues that Logan's petition is barred by the AEDPA statute of limitations.[2]  The respondent contends that Logan's conviction became "final" ninety days after the Supreme Court of Ohio dismissed his untimely notice of appeal on April 27, 1994.  (Doc. 4, at 14; see doc. 4, RX 7.)  The respondent calculates, correctly, that the 90-day period for seeking certiorari in the U.S. Supreme Court expired on July 26, 1994.  (Doc. 4, at 6, 14.)  Thus, the respondent argues that the statute of limitations expired on July 26, 1995.  (Doc. 4, at 14.)  However, this date predates the passage of the AEDPA, which complicates the calculations slightly.

The AEDPA of 1996 requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90

_____

[2]  The respondent also argues that Logan's petition should be barred as a "second or successive" petition.  (Doc. 4, at 18-21.)  Because the court finds that this petition is time-barred, the respondent's "second petition" argument is not addressed.

8

days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003);

Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d

147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

The one-year period is tolled for the time during which an application for

state post-conviction or other collateral review is "pending" in the state courts.

Carey, 536 U.S. at 216-217 (citing 28 U.S.C. § 2244(d)(2)). A habeas petitioner

filing for collateral relief does not benefit from the 90 day certiorari period, though.

Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

For a petitioner whose state appeals concluded prior to the 1996 passage of

the AEDPA, courts have applied a one-year grace period, and hold that the statute

of limitations expires one year from the passage of the AEDPA, that is, on April 24,

1997. Allen v. Yukins, 366 F.3d 396, 400 (6th Cir. 2004), cert. denied, 543 U.S. 865

(2004); Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001), cert. denied, 535 U.S.

1088 (2002). Thus Logan had until April 24, 1997, to file his petition for federal

habeas corpus. The one-year grace period may be tolled during the time that

"properly filed state post-conviction or other collateral review proceedings" are

pending. Israfil, 276 F.3d at 771.

Logan filed a petition for post-conviction relief during the grace period, which

must be considered in assessing whether his petition is untimely. His petition for

post-conviction relief was filed on Oct. 1, 1996, and was denied on May 21, 1997, on

the grounds that it was untimely. (Doc. 4, RX 10; doc. 4, RX 2, docket, at p. 6.)

9

In order to toll the one-year period, there must be "a properly filed application for State post-conviction or other collateral review" which is pending in the state courts.  28 U.S.C. § 2244(d)(2).  An untimely motion is not considered "properly filed" so as to toll the running of the statute of limitations.  Israfil, 276 F.3d at 771; Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000) (per curiam), cert. denied, 531 U.S. 991 (2000).  Logan's petition for post-conviction relief was denied on the grounds that it was untimely, thus it would not serve to toll the running of the statute.  (Doc. 4, RX 2, docket, at p. 6.)  Therefore, the one-year grace period expired on  April 24, 1997, and Logan's petition for a writ of habeas corpus was untimely filed.

Although Logan filed numerous other motions for post-conviction relief and for re-opening the appeal, etc., these were all filed after April 24, 1997, and so the statute of limitations had already run by the time Logan filed those motions.  Filing a collateral motion may toll the running of a pending, unexpired one-year limitations period, Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005), but it will not "revive" the statute, or cause it to begin running anew.  Hill v. Randle, No. 00-4168, 2001 WL 1450711, at *2 (6th Cir. Nov. 7, 2001); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001), cert. denied, 534 U.S. 905 (2001); Leon v. Bradshaw, No. 1:05CV875, 2006 WL 1624430, at *4 (N.D. Ohio June 6, 2006).

Logan's petition for a writ of habeas corpus should be denied as untimely filed.

10

IV.  LOGAN'S TRAVERSE

In his Traverse, Logan raises several responses to the respondent's Return of Writ.  (Doc. 5.)  First, Logan suggests that his claims may be saved by equitable tolling. (Doc. 5, at 3-6.)

A.  Equitable Tolling

The Supreme Court has held that the habeas statute of limitations may be subject to equitable tolling in appropriate cases.  Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 ( 2010).  Logan bears the burden of persuading the court that he is entitled to equitable tolling.  Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); Day v. Konteh, No. 1:08CV0212, 2009 WL 3321388, at *10 (N.D. Ohio Oct. 13, 2009).

To benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way.  Holland, 130 S.Ct. at 2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Lawrence, 549 U.S. at 335.  The Sixth Circuit has recently recognized that, "under the test articulated by the Supreme Court in Holland, a habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing."  Hall v. Warden, Lebanon Correctional Inst., 662 F.3d 745, 750 (6th Cir. 2011), cert. denied, 133 S.Ct. 187 (2012).  The Sixth Circuit concluded that "Holland's two-part test has replaced

Dunlap's five-factor inquiry[3] as the governing framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling." Hall, 662 F.3d at 750; see also Patterson v. Lafler, No. 10-1379, 2012 WL 48186, at *2 (6th Cir. Jan. 9, 2012) (Holland is relevant test).

Sixth Circuit case law has consistently held that the circumstances which will lead to equitable tolling are rare.[4] Hall, 662 F.3d at 749 (equitable tolling granted "sparingly"); Souter, 395 F.3d at 590 (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)); King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004); see also Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

Although Logan argues that diligence does not require "maximum, feasible" diligence, doc. 5, at 4, the court finds that he has failed to pursue the claims arising out of his 1993 conviction and sentence diligently. See also doc. 4, at 16-17. Although Logan has filed numerous petitions and motions raising his claims over the past several decades, one consistent theme has been the untimeliness of his filings. See, e.g., doc. 4, RX 2, docket, at p. 6 (petition for post-conviction relief

---

[3] *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

[4] Logan does not argue the "actual innocence" gateway for equitable tolling. (Doc. 5, at 7.) See generally McQuiggin v. Perkins, 133 S.Ct. 1924, 1936 (2013) (actual-innocence gateway available only where "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error"); McSwain v. Davis, No. 06-1920, 2008 WL 2744640 (6th Cir. July 15, 2008), cert. denied, 557 U.S. 919 (2009); Souter, 395 F.3d at 597-599.

denied as untimely); doc. 4, RX 8; *Logan*, 2000 WL 1751853 (Rule 26(B) application

denied as untimely); doc. 4, RX 19; *Logan*, 2005 WL 1707009 (post-conviction

petition denied as untimely).

Logan has not carried his burden to demonstrate that he is entitled to the

exceptional relief of equitable tolling.

## B.  Subject Matter Jurisdiction

Logan contends, through his second ground, that the trial court "completely

lacked subject matter jurisdiction from the onset of the proceedings that renders all

actions taken a nullity and void." (Doc. 5, at 5, citing Ohio cases.)  Logan claims

that the absence of subject matter jurisdiction is an error which may be raised "at

any time, in any proceeding," and so equitable tolling should apply.  (Doc. 5, at 6,

quoting United States v. Cotton, 535 U.S. 625 (2002).)  His second ground rests on

the argument that the State of Ohio began its prosecution of him while he was in

federal custody.[5]  (Doc. 1, petition, at 7-8.)

The respondent apparently did not anticipate that Logan might raise the

jurisdictional question as a means for overcoming his untimely filing, at least

insofar as the court's consideration of the second ground of the petition, and thus

---

[5]  In his Traverse, Logan argues that his transfer from one jail to another was
based on an allegedly non-existent writ, "which constitutes the gravamen" of his
claim.  (Doc. 5, at 9-10.)  This was not how the second ground was framed in his
petition.  See doc. 1, at 7-8.  Logan cannot raise new arguments for relief in his
Traverse.  See, e.g., Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005), cert. denied,
547 U.S. 1074 (2006) (citing cases).

provides no position concerning whether Logan's jurisdictional claim survives despite the expiration of the statute of limitations.  The court will examine the merits of the claim.

The state court addressed Logan's argument as follows:

The doctrine of dual sovereignty provides that a defendant may be subjected to successive trials at both the state and federal levels for the same act or offense.  Moore v. Illinois, 14 How. 13, 55 U.S. 13, 14 L.Ed. 306 (1852), syllabus.  The doctrine was developed in order to avoid having state prosecutions hinder federal law enforcement by barring federal prosecutions based on the same acts.  United States v. Lanza, 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314 (1922).

The Ohio Supreme Court has applied the dual sovereignty doctrine relative to federal and state prosecutions of the same criminal conduct, stating:

> [W]e are of the opinion that the power of a state to prosecute under state law for the same act a defendant who has already been prosecuted under federal law satisfies a legitimate state interest in preserving "the historic right and obligation of the States to maintain peace and order within their confines."

State v. Fletcher, 26 Ohio St.2d 221, 226–227, 271 N.E.2d 567 (1971), quoting Bartkus v. Illinois, 359 U.S. 121, 137, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).

In light of the above, the trial court had jurisdiction over the state's case against Logan.  The second assignment of error is, therefore, overruled.

(Doc. 4, RX 30; Logan, 2013 WL 5603849, at *2.)

Although Logan raised this claim primarily as a matter of state law (doc. 4, RX 33, at 5-7), the state court relied, in part, on federal law in ruling, so this court

14

will consider whether the state court's decision involved an unreasonable application of clearly established federal law.

The U.S. Supreme Court, in Bartkus, noted that questions about "the imposition of a bar to a second prosecution by a government other than the one first prosecuting is a manifestation of the evolutionary unfolding of law," which a number of states were addressing.  Bartkus, 359 U.S. at 138.  The Court stated: "We ought not to utilize the Fourteenth Amendment to interfere with this development."  Bartkus, 359 U.S. at 138-139.  The state court's ruling on the issue does not go afoul of federal law.

Regardless of whether the claim is time-barred in habeas or not, Logan has failed to demonstrate that the state court decision was  contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  See, e.g., Bartkus, 359 U.S. at 138-139; United States v. Archibald, 685 F.3d 553, 556 n.1 (6th Cir. 2012), cert. denied, 133 S.Ct. 898 (2013) (under dual sovereignty doctrine, federal government & state may separately prosecute defendant for same criminal conduct, citing United States v. Mardis, 600 F.3d 693, 696 (6th Cir. 2010).)  The petition should not be granted on the basis of the second ground.

15

## V.  JAIL TIME CREDIT

In addition, the respondent points out that even if the petition had been timely filed, the first ground of the petition, alleging that the state improperly calculated Logan's jail time credit, is not cognizable in habeas.  (Doc. 4, at 24-25.)

In his first ground, Logan contends that the state court abused its discretion and improperly denied him jail time credit which he claims is due pursuant to Ohio Rev. Code § 2967.191, in violation of the Fifth and Fourteenth Amendments.  (Doc. 1, at 4.)

Although Logan alleged a constitutional violation, his argument rests on state law, that is, an alleged violation of Ohio Rev. Code § 2967.191.  A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.  Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003) (jail time credit); Kipen v. Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003); Ball v. Houk, No. 1:05 CV 2120, 2007 WL 4556676, at *13 (N.D. Ohio Dec. 20, 2007) (state court's alleged misinterpretation of crediting statutes is matter of state law).  Federal habeas relief is not available for a claimed error of state law.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly

16

established federal law, as determined by the Supreme Court.  Williams, 529 U.S. at 412-413; Lewis, 497 U.S. at 780.

Logan has not established that the state courts' determination regarding jail time credit was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. The petition cannot be granted on the basis of the first ground.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:   Jan. 29, 2015              /s/ Kenneth S. McHargh
                                    Kenneth S. McHargh
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

17