UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Carlton R. Logan, | ) | CASE NO. 1:14CV1708 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Bennie Kelley, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |
| | ) | |

This action is before the Court upon objections filed by Petitioner Carlton R. Logan, asserting error in the Report and Recommendation ("the R&R") of the Magistrate Judge. The Court ADOPTS the R&R (Doc. 11) in its entirety. The Petition is DENIED AND DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  The Court has reviewed *de novo* the R&R as it relates to Logan's objections.  The objections lack merit.

Logan raises three objections, first asserting that the R&R erred in finding that his petition was untimely.  Specifically, Logan contends that the R&R disposed of his arguments for equitable tolling without fully analyzing the facts surrounding his argument.  The Court finds no merit in this contention.  The R&R properly lays out the law surrounding equitable tolling, and Logan has not identified any error in the law relied upon by the R&R.  Furthermore, the R&R

1

properly notes that Logan's lengthy history of filings in state and federal court have one common theme --- they are consistently untimely.  Those facts alone support the R&R's conclusion that Logan's case does not warrant equitable tolling.  Logan's first objection, therefore, is overruled.

Logan next contends that the R&R misapprehended his second ground for relief.  Specifically, Logan contends that his real challenge revolved around whether the state court properly gained jurisdiction over his body through a proper writ.  Logan asserts that the R&R misread his argument and instead addressed the issue of dual sovereignty.  Logan, however, ignores that the R&R properly noted that he raised the issue regarding the writ for the first time in his traverse (see R&R at 13, n.5).  The R&R further properly found that Logan could not raise such an issue for the first time in his traverse.  As such, the R&R did not err when it failed to address Logan's arguments surrounding whether a proper writ was issued to place him within the jurisdiction of the state court.

Finally, Logan argues that the R&R erred when it found that his challenge to jail time credit was not cognizable in habeas.  A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003). Claims challenging whether and/or how much jail credit is applied to state sentences under state law are a matter of state law and not cognizable on federal habeas review. *See Kipen v. Renico*, 65 Fed. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254.") "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, (1990)).  Despite Logan's objections to the contrary, his challenges to the state court's application of Ohio Revised

Code § 2967.191 do not raise a constitutional claim and therefore are not cognizable in his untimely habeas petition.

Logan's objections are overruled. The R&R is adopted, and the petition is hereby DENIED AND DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

July 27, 2015 /s/ *John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT